UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUNEDIN DEVELOPMENT CO., LLC,
a Florida limited liability company, and
SAILWINDS CONDOMINIUM
ASSOCIATION, INC., a Florida non-
profit corporation,

    Plaintiffs,

vs.

CITY OF DUNEDIN, FLORIDA,
A Florida municipal corporation, and
RICHARD JOHNSON, an individual,

    Defendants.
_____/

Case No. 8:09-cv-00303-VMC-MAP
Lower Court Case: 09-000263-CI-13

## CASE MANAGEMENT REPORT

1. Meeting of Parties: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a conference was held on April 22, 2009 at 10:00 a.m. between:

| **Name** | **Counsel for (if applicable)** |
| --- | --- |
| Brian P. Battaglia, Esq. | Plaintiffs, Dunedin Development Co., LLC and Sailwinds Condominium Association, Inc. |
| Jay Daigneault, Esq. | Defendants, City of Dunedin, Florida and Richard Johnson |

2. Fed.R.Civ.P.26(a)(1), as amended, effective December 1, 2000, Pre-Discovery Initial Disclosures:

The parties (check one)

    ____ have exchanged      __X__ agree to exchange

information described in Fed.R.Civ.P. 26(a)(1) on or before Monday, June 8, 2009. Below is a detailed description of information disclosed or scheduled for disclosure:

3. **Discovery Plan - Plaintiffs**: The parties jointly propose the following Plaintiffs' discovery plan:

a. Every discovery effort Plaintiffs plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

Plaintiff; up to the number permissible as to each Defendant

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed.R. Civ.P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

(2) Written Interrogatories:

Plaintiff; 25 written interrogatories to each Defendant

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

(3) Requests for Production or Inspection:

Plaintiff will propound production requests to each Defendant

(4) Oral Depositions:

Total of Ten (10)

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed.R.Civ.P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b. **Disclosure of Expert Testimony**: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Plaintiff's Fed.R.Civ.P. 26(a)(2) disclosure will be due as noted here:

Plaintiffs, Monday, October 26, 2009

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiffs' supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

d. **Completion of Discovery**: Plaintiffs will commence all discovery in time for it to be completed on or before Thursday, February 11, 2010.

4. **Discovery Plan - Defendant(s)**: The parties jointly propose the following Defendants' discovery plan:

a. Every discovery effort planned by Defendants is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

Defendants; up to the number permissible as to each Plaintiff

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed.R.Civ.P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

(2) Written Interrogatories:

Defendants; 25 written interrogatories to each Plaintiff

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

(3) Requests for Production or Inspection:

Will propound production requests to each Plaintiff

(4) Oral Depositions:

Total of ten (10)

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be presented by motion. See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed.R.Civ.P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b. **Disclosure of Expert Testimony**: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Defendant's Fed.R.Civ.P. 26(a)(2) disclosure will be due as noted here:

Tuesday, December 1, 2009

c. Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

Ongoing

d. **Completion of Discovery**: Defendant will commence all discovery in time for it to be completed on or before Thursday, February 11, 2010.

5. **Joint Discovery Plan - Other Matters**: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

Any confidential documents will be marked "Confidential" and an appropriate log will be prepared.

6. **Disagreement or Unresolved Issues Concerning Discovery Matters**: Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report. Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

Pursuant to Fed.R.Civ.P. 26(a)(1), as amended effective December 1, 2000, any objection as to the appropriateness of required Initial Disclosures shall be recorded in the case management report.

7. **Third-Party Claims/Joinder of Parties and Potentially Dispositive Motions**: Parties agree that the final date for filing motion for leave to file third-party claims or motion to join parties should be Wednesday, October 14, 2009 (this date must be *at least* 120 days prior to close of discovery); **and** that the final date for filing all potentially dispositive motions (for summary judgment or other) should be Tuesday, April 27, 2010 (a date which is *at least* 60 days prior to the final pretrial conference).

8. **Settlement and Alternative Dispute Resolution**:

a. **Settlement**: The parties agree that settlement is (check one):

   __X__ likely          _____ unlikely

b. **Mediation**: This case is referred to Court-Annexed Mediation pursuant to Rule 9, Local Rules, M.D.Fla. Mediation must be conducted by a Certified Mediator. A list of Certified Mediators is available on the Middle District of Florida website. The parties are granted an opportunity to select a Certified Mediator from the approved list and to decide where the mediation should be held. The parties should also state the deadline for conducting the mediation conference. If the parties are unable to agree, they must notify the Court and the Court will appoint a Certified Mediator and set a deadline for the mediation conference.

Certified Mediator:   unknown at this time

Deadline for Mediation:   Prior to April 27, 2010, or earlier if agreed to by the parties.

Location of Mediation:   unknown at this time

9. Parties agree to consent to trial presided over by United States Magistrate Judge (which will afford the parties better opportunity for a "date certain" for trial):

   _____ yes   __X__ no   _____ likely to agree in future

*If yes, the parties shall complete and all counsel and unrepresented parties shall sign the Form AO-85 attached hereto (please note **all signatures must appear on the same form**); submit the same to the Clerk, and the undersigned will promptly thereafter enter the "Order of Reference" portion and file the same in the record hereof.*

Case Management Report
Page 6 of 7

    10. Preliminary Pretrial Conference:

If designated a Track Three case, Local Rule 3.05(c)(3)(B) provides that a preliminary pretrial conference **is mandatory, and the Court will *sua sponte* schedule and notice such conference.**
[**Note**: If case was not designated Track Three but all counsel believe it should be such, plaintiff's counsel shall immediately contact the undersigned's Courtroom Deputy Clerk.]

If designated a Track Two case, the parties (check one)

       _____request                \_X\_\_do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order to address the following unresolved issues: [**NOTE: If no issues are specified here by the parties, no such conference will be scheduled.**]


    11. **Final Pretrial Conference and Trial**: Parties agree that they will be ready for a final pretrial conference on or after July 12, 2010 and for trial on or after August 9, 2010.

This (*check one*):    [ X ] **Jury**    [ ] **Non-Jury** trial is expected to take approximately 4-5 days (including jury selection if applicable).


    12. Pretrial Disclosure and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosure requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.


    13. Others Matters (if any):

Case Management Report
Page 7 of 7

Date: May 12, 2009

Signatures of Counsel (with information required by Local Rule 1.05(d)) and Signature of Any Unrepresented Party

/s/ Brian P. Battaglia
BRIAN P. BATTAGLIA, ESQUIRE
FBN: 557978
BATTAGLIA, ROSS, DICUS & WEIN, P.A.
Post Office Box 41100
St. Petersburg, Florida 33743-1100
Ph: (727) 381-2300/ Fax: (727) 343-4059
Emails: bbatt@brdwlaw.com; jkenn@brdwlaw.com
ATTORNEYS FOR PLAINTIFFS, DUNEDIN DEVELOPMENT CO., LLC and SAILWINDS CONDOMINIUM ASSOCIATION, INC.


/s/ Jay Daigneault
JAY DAIGNEAULT, ESQUIRE
FBN: 25859
JAMES L. YACAVONE, ESQ.
FBN: 225037
FRAZER HUBBARD BRANDT TRASK & YACAVONE, LLP
595 Main St
Dunedin, Florida 34698
Telephone: (727) 733-0494
Emails: jdaigneault@fhbty.com; jyacavone@fhbty.com
ATTORNEYS FOR DEFENDANTS, CITY OF DUNEDIN, FLORIDA AND RICHARD JOHNSON