UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUNEDIN DEVELOPMENT CO., LLC
a Florida limited liability company, and
SAILWINDS CONDOMINIUM
ASSOCIATION, INC., a Florida non-profit
Corporation,

    Plaintiffs,

v.                                                     Case No.: 8:09-cv-303-T-33AEP

CITY OF DUNEDIN, FLORIDA,
a Florida municipal corporation, and
RICHARD JOHNSON, an individual

    Defendants.
_____/

## JOINT MOTION TO ENLARGE DEADLINES IN THE
## CASE MANAGEMENT AND SCHEDULING ORDER AND SUPPORTING
## MEMORANDUM OF LAW

COMES NOW, Plaintiffs, Dunedin Development Co., LLC and Sailwinds Condominium Association, Inc. ("Plaintiffs"), by and through its counsel Battaglia, Ross, Dicus & Wein, P.A., and Defendants, City of Dunedin, Florida and Richard Johnson ("Defendants"), by and through its counsel, Frazer, Hubbard, Brandt, Trask & Yacavone, LLP, hereby move this Court, pursuant to Federal Rule of Civil Procedure 6(b), to enter an Order enlarging the deadlines in the Case Management and Scheduling Order and as good cause therefore show the Court as follows:

### *MOTION*

1.       On July 7, 2009, the Court issued the Case Management and Scheduling Order ('the Order"). The Order is attached hereto as Exhibit "A".

2. According to the Order, the Parties were directed to meet the deadlines established in the report with the exception of the following:

- Third-Party/Joinder – October 14, 2009;
- Plaintiff's Disclosure of Expert Testimony – October 26, 2009;
- Defendant's Disclosure of Expert Testimony – December 1, 2009;
- Completion of Discovery – February 11, 2010;
- Filing of Dispositive Motions – April 27, 2010

3. Based upon the pending motion for protective order and the time it will take to resolve it, the Parties jointly request additional time to complete discovery and file dispositive motions.

4. Specifically, the Parties are asking this Court to extend the individual deadlines as follows:

- Third party/Joinder – extend to January 12, 2010;
- Plaintiff's Disclosure of Expert Testimony – extend to February 4, 2010;
- Defendant's Disclosure of Expert Testimony – extend to March 4, 2010;
- Completion of discovery – extend to April 21, 2010;
- Filing of Dispositive Motions – extend to May 24, 2010.

5. The parties have worked diligently to satisfy the deadlines as they currently exist but the nature of discovery and the Motion filed by Defendant Richard Johnson in this matter makes complying with the existing deadlines not feasible.

6. The Parties have further stipulated that all other time frames in the Court's Case Management Order shall remain the same.

## MEMORANDUM OF LAW

**A.     Good Cause Exists to Grant the Instant Motion**

As set forth above, good cause exists for granting this motion under the circumstances of this case and the joint agreement of the parties. *See also* Fed. R. Civ. P. 16(b) (case management orders).

On the basis of the foregoing, good cause exists for the granting of this motion and the interests of justice are served by allowing the parties to extend the deadlines.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g) counsel for Plaintiffs and Defendants have discussed the substance and issues presented in this Motion and have agreed to the foregoing.

**WHEREFORE**, the Parties jointly request that this Court grant their Joint Motion to Enlarge Deadlines in the Case Management and Scheduling Order.

Respectfully submitted,

/s/ Brian P. Battaglia
By: Brian P. Battaglia
Florida Bar No.: 557978
Lead Counsel
Email: bbatt@brdwlaw.com
Joseph P. Kenny, Esquire
Florida Bar No.: 059996
Email: jpke@brdwlaw.com
**BATTAGLIA, ROSS, DICUS & WEIN, P.A.**
Post Office Box 41100
St. Petersburg, Florida 33743-1100
727-381-2300 – Telephone
727-343-4059 – Facsimile
Attorneys for Plaintiffs

/s/ Jay Daigneault
By: James L. Yacavone, III
Florida Bar No.: 225037

Jay Daigneault
Florida Bar No.: 0025859
**FRAZER, HUBBARD, BRANDT,
TRASK & YACAVONE, LLP**
595 Main Street
Dunedin, Florida 34698
(727) 733-0494 – Telephone
(727) 733-2991 –Facsimile

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUNEDIN DEVELOPMENT CO., LLC, et al.,
        Plaintiffs,

vs.                                           Case No.8:09-CIV-303-T-33MAP

CITY OF DUNEDIN, FLORIDA, et al.,
        Defendants.
_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

1.    **TRIAL**: This case is scheduled for a *jury* trial in Tampa, Florida, during the weeks of *August 2, 9, 16, 23 & 30, 2010.* Estimated length of trial is 4 to 5 days.

2.    **PRETRIAL CONFERENCE**: A Pretrial Conference will be held before the Honorable Virginia M. Hernandez Covington, United States District Judge, in the Sam M. Gibbons United States Courthouse, Courtroom 14B, Fourteenth Floor, Tampa, Florida, on *Tuesday, July 13, 2010, at 9:00 a.m..* Parties are directed to meet the pretrial disclosure requirements and deadlines in Fed. R.Civ. P. 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. **The parties shall file a JOINT Pretrial Statement on or before Thursday, July 8, 2010.** Failure to do so, may result in the imposition of sanctions. The Pretrial Conference shall be attended by lead trial counsel who is vested with full authority to make agreements touching on all matters pertaining to the trial.

3.    **DISCLOSURE OF EXPERT TESTIMONY**: The Plaintiff will disclose the identity of any expert witnesses and expert reports by *October 26, 2009.* The Defendant will disclose the identity of any expert witnesses and expert reports by *December 1, 2009.*

4.    **THIRD PARTY CLAIMS, JOINDER OF PARTIES & AMENDMENTS:** Parties shall have until *October 14, 2009,* to file Third Party Claims, Motions to Join Parties, and Motions to Amend Pleadings.

5.    **DISCOVERY CUTOFF**: All discovery is to be completed by the parties on or before *February 11, 2010.*

6.    **DISPOSITIVE MOTIONS CUTOFF**: Dispositive motions shall be filed on or before *April 27, 2010.*

7.    Motions to amend any pleading or to continue the pretrial conference, trial or any other scheduled deadlines are distinctly disfavored after entry of the Case Management and Scheduling Order. (See Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D)).

Exhibit "A"

  8. **SUMMARY JUDGMENT PROCEDURES**: The following procedures shall be followed by the parties:

    (a) A party's claims or defenses for which summary judgment is sought <u>shall</u> be presented in a <u>single</u> motion, and legal memorandum. Multiple motions for summary judgment will not be permitted.

    (b) Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than ten (10) days after the filing date of the motion.

    (c) Pursuant to Rule 56(c), Fed.R.Civ.P., as interpreted by the Eleventh Circuit Court of Appeals, the parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day for filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court. **Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding.**

    (d) Motions to extend time or to alter any requirements set forth in this order or the other rules governing summary judgment motions, including the page limit for memoranda of law pursuant to the Local Rules, are distinctly disfavored.

    (e) Oral argument or hearings will generally **NOT** be held on the motion.

  9. Any **motions in limine** shall be filed with the Clerk of Court at least three (3) weeks prior to the commencement of the trial term.

  10. Not later than **five (5) days prior to the date on which the trial *term* is set to commence**, *see* ¶ 1, the parties **shall file** with the Clerk of Court, the following (and as to each of the following, and in addition provide directly to Chambers, via the Chambers email account at **www.chambers_flmd_covington@flmd.uscourts.gov** the parties' jury instructions and verdict form(s) in **WordPerfect format.**

    (a) **Trial Brief:** A trial brief shall be filed only if there are disputed issues of law likely to arise at trial that have not been addressed by previous motions; **and either (b) or (c) below, as appropriate.**

(b) **If case is a jury trial**, the following:

(1) A concise (one paragraph preferably) *joint or stipulated* statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

(2) *Proposed Voir Dire* (the Court will conduct the voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration);

(3) A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1); and

(4) **Proposed Verdict Form**

(c) **If case is a non-jury trial, Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel). Counsel shall provide the Court with a diskette containing the parties' Proposed Findings of Fact and Conclusions of Law in WordPerfect format at the end of trial.

11. **CONSENT TO TRIAL BY MAGISTRATE JUDGE:** In accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P.73, the parties may consent to have the assigned United States Magistrate Judge conduct any and all further proceedings in this case, including the trial.

12.     <u>**SETTLEMENTS**</u>:  Counsel shall immediately notify Chambers or the Courtroom Deputy Clerk if their case has settled.  (<u>See</u> Local Rule 3.08).  Notices of settlement must be in writing.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of July, 2009.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties & Counsel of Record